# Commonwealth of Pennsylvania, Plff. in Err., *v.* Frederick Seeman.

After trial and acquittal upon a count charging the precise crime (embezzlement) charged in the information, the action of the court below,

NOTE.—Where a defendant has been acquitted of a crime charged, no new trial will be granted, nor can a reversal be had, though error appears. Com. v. Hayward, 4 Del. Co. Rep. 569; Com. v. Steimling, 156 Pa. 400, 27 Atl. 297; Guffy v. Com. 2 Grant, Cas. 66. Nor can a new trial be granted by the lower court in prosecutions for nuisance or forcible entry and detainer after acquittal, though the appellate court may do so. Com. v. Wallace, 7 Pa. Super. Ct. 405, 42 W. N. C. 187.

requiring the commonwealth to elect upon which count it will proceed and entering a *nol. pros.* as to the others and also quashing certain other counts, cannot be reviewed on writ of error.

(Argued May 10, 1888. Decided May 21, 1888.)

July Term, 1888, No. 40, E. D., before PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Quarter Sessions of Fayette County to review a judgment *nol. prossing* and quashing counts in indictments for embezzlement, December Sessions, 1886, No. 62. Affirmed.

The information upon which Frederick Seeman was arrested, bound over, and indicted for embezzlement, was as follows:

Fayette County, ss.

On the 29th day of November, 1886, personally appeared before me, one of the justices of the peace in and for the said county, William Britton, who, having been duly sworn, say* that in the years 1885 and 1886, he consigned to Frederick Seeman for sale by him on account of this affiant about 1,700 gallons of whisky contained in forty-three barrels, 40 gallons of cider in one barrel, and 65 gallons of wine contained in two barrels, and the said Frederick Seeman, having possession of the said liquor for sale as aforesaid, did sell the same and did wilfully, corruptly, fraudulently, and feloniously embezzle and convert to his own use more than $1,000 of the affiant's money, arising from the sale of said liquor.

Wm. Britton.

Sworn and subscribed before me November 29, 1886.

Samuel H. Smith, J. P. [Seal.]

Upon this information a bill of indictment was drawn, containing six counts. The first two counts were drawn under § 125 of the Criminal Code (Purdon's Digest, 441, pl. 204). The last four counts were drawn under § 107 of the Code, the third count charging simply the embezzlement without reference to stealing, while the last three counts of the bill charged the embezzlement under § 107, as a felonious stealing, with reference also to § 28 of the criminal procedure act (Purdon's Digest, 479, pl. 29), which provides that distinct acts of embezzlement not exceeding three, committed within six months, may be joined in one bill.

At the trial the defendant, before pleading, moved the court to require the district attorney to elect on which three counts of the indictment he would proceed, and to order a *nol. pros.* as to the other counts, for the reason that the indictment contained six counts, each one of which charged a separate offense and a distinct act of embezzlement. The commonwealth declined to elect to proceed on three of the said counts only, alleging that not more than three distinct acts of embezzlement were charged in the bill; and excepted to the court making such order. The court granted the defendant's motion and directed the district attorney to elect. [1] The district attorney thereupon elected to proceed to trial on the first, second, and third counts, and entered a *nol. pros.* as to the remaining counts. The court then quashed the first, second, and third counts, [2] with leave to present a new bill.

A new bill with three counts was then prepared. The court quashed the second and third counts of the new bill [3] and the defendant was tried on the first count, which was as follows:.

That Frederick Seeman, yeoman, of the said county, on the 5th day of October, 1887, at the county aforesaid, and within the jurisdiction of said court, then and there being the factor and consignee of one William Britton, with force and arms, etc., did then and there receive as a consignment, for sale, from the said William Britton, certain goods and merchandise, to wit: 700 gallons of whisky, 40 gallons of cider, and 65 gallons of wine, of the property of William Britton, of great value, to wit, of the value of $2,500; and that the said Frederick Seeman, so being such consignee and factor as aforesaid, on the day and year aforesaid, at the county aforesaid, and within the jurisdiction aforesaid, with force and arms, etc., in violation of good faith and with intent to defraud the said William Britton, owner thereof, did then and there sell the last-mentioned goods and merchandise for a large sum of money, to wit, for the sum of $2,500, and apply and dispose to his own use the sum of $1,067 so received, to the great damage of the said William Britton, to the evil example of all others in like case offending, and contrary to the act of assembly in such case made and provided, and against the peace and dignity of the commonwealth of Pennsylvania.

Verdict that the defendant is not guilty, and that he pay one

half the costs and the prosecutor, William Britton, the remaining half. Sentence accordingly.

The assignments of error specified the action of the court: (1) In requiring the commonwealth to elect counts; (2) in quashing the counts elected; and (3) in quashing counts 3 and 4 of the new bill.

*D. M. Hertzog,* Dist. Atty., and *Edward Campbell,* for the commonwealth, plaintiff in error.

*Boyle, Mestrezat, & Boyle* for defendant in error.

PER CURIAM:

It is useless now to inquire whether the learned court below was right in sustaining the defendant's motion to require the prosecution to elect upon which three counts in the indictment he would proceed; and also in sustaining the defendant's motion to quash certain indictments. The defendant has been tried and acquitted of the precise charge set forth in the information, and that is the end of the case.

Judgment affirmed.